Case 2:21-cv-00031   Document 78   Filed on 08/11/23 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT M. LOERA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00031 |
| § | |
| KINGSVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, *et al.*, § | |
| § | |
| Defendants. § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' supplemental briefs (D.E. 73, D.E. 74) regarding the impact of the testimony of Dr. Jennifer Kent on the parties' motions for summary judgments. The undersigned has considered the parties' briefing, the testimony of Dr. Kent, the parties' oral arguments, applicable authorities and finds the testimony of Dr. Kent has no effect on the undersigned's original Memorandum and Recommendation. (D.E. 64). Therefore, the undersigned continues to recommend that Kingsville Independent School District's ("KISD") Motion for Summary Judgment (D.E. 46) be **GRANTED** and its Motion to Strike (D.E. 62) be **DENIED**. Additionally, the undersigned continues to recommend that Plaintiff's Motion for Summary Judgment (D.E. 49) be **DENIED**.

**I.       JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636.  (D.E. 37).

**II.      PROCEDURAL AND FACTUAL BACKGROUND**

The procedural and factual background are set forth in the undersigned's initial Memorandum and Recommendation and need not be set forth again in detail herein although a summary is appropriate.  Plaintiff is a former high school student at KISD. Plaintiff alleges that while employed as a teacher at KISD, Gabriel Villarreal ("Villarreal") engaged in sexually predatory behavior against Plaintiff while Plaintiff was a KISD high school student.  Plaintiff alleges Villarreal sexually harassed Plaintiff and requested sexual favors and explicit photographs from him. While not alleged by Plaintiff in a live pleading, Plaintiff's briefing indicates that Villarreal kissed Plaintiff and groped Plaintiff's penis. When Plaintiff made his allegations to KISD, KISD placed Villarreal on administrative leave and commenced an investigation. Mr. Villarreal subsequently resigned.

Plaintiff asserts two claims against KISD: (1) discrimination under Title IX of the Education Amendments of 1972 and (2) a violation of 14th Amendment due process under 42 U.S.C. § 1983.  KISD is sued based on the conduct of Villarreal.  Essentially, Plaintiff alleges KISD created a hostile educational environment due to its alleged failure to properly supervise or discipline Villarreal and that it further was deliberately indifferent to the sexually predatory risks Villarreal posed to Plaintiff.

On February 2, 2023, the undersigned entered a Memorandum and Recommendation to grant Defendant's Motion For Summary Judgment. (D.E. 64). Plaintiff filed objections to the M & R and further requested an opportunity to supplement the summary judgment record. (D.E. 69). Plaintiff urged the Court to consider the testimony of Dr. Kent, a former KISD administrator whose deposition was taken after the briefing deadline concerning Defendant's motion for summary judgment. (D.E. 69). United States District Judge Nelva Gonzales Ramos granted Plaintiff's motion to supplement the summary judgment record and recommitted the parties' summary judgment motions to the undersigned. (D.E. 64). On June 14, 2023, the undersigned ordered the parties to submit additional briefing. (D.E. 72). The parties filed supplemental briefs in accordance with the undersigned's order. (D.E. 73 and D.E. 74). On August 9, 2023, counsel appeared in person before the undersigned and presented oral arguments.

## III.  QUESTION PRESENTED

Whether the testimony of Dr. Kent changes the analysis or recommendation of the undersigned to grant Defendant's Motion For Summary Judgment.

## IV.  SUMMARY OF DR. KENT'S TESTIMONY

The undersigned has considered the entire 86-page deposition testimony of Dr. Kent. (D.E. 64-1). The undersigned has further considered the parties' excerpts and portions of Dr. Kent's testimony and their arguments. There is no need for the undersigned to repeat every detail of Dr. Kent's testimony but a summary of her testimony is appropriate.

Dr. Kent obtained a Bachelor of Arts degree in English from Tarleton State University in 1998, a Master's degree in Educational Administration from the University of North Texas in 2007 and a Doctorate degree in educational leadership from Texas A&M – Kingsville.  (D.E. 69-1, Page 3-5).  During her career, Dr. Kent has worked at several Texas high schools as a teacher and coach starting in 1998.  She became a school administrator in 2008.  In approximately 2009, Dr. Kent took a position with KISD as the chief academic officer and later as a high school principal. (D.E. 69-1, Page 5).  She left her employment with KISD in the summer of 2012 and later took a position with Ranger College as a vice president which she held for three years.  Dr. Kent is currently the president of Victoria College in Victoria, Texas. (D.E. 69-1, Page 6).    Over the course of her career, Dr. Kent has had experience and training investigating matters of alleged teacher misconduct.  (D.E. 69-1, Page 6).

As noted above, Dr. Kent was the Principal at H.M. King High School in KISD in 2011.  This period of time coincided with Mr. Villarreal's first period of employment with KISD as a teacher and during a time Mr. Villarreal is now believed to have had a sexual relationship with a student.  Dr. Kent testified she was not aware of any inappropriate relationships or rumors about Mr. Villarreal during her term as a principal at KISD.  Other than her lack of knowledge, Dr. Kent did not testify as a fact witness.  Throughout her deposition testimony, Dr. Kent testified about standards of conduct for teachers and the obligations of administrators to supervise teachers and investigate misconduct.  Dr. Kent was presented with excerpts and summaries of testimony of fact witnesses from this case

and provided opinion testimony about what she believes KISD should have done in connection with hiring and supervising Mr. Villarreal and whether his hiring posed a risk of substantial harm to Plaintiff.

Dr. Kent was presented with summaries of Arnulfo Cancino Cuellar's deposition testimony. Mr. Cuellar testified, that while a high school student at King High School in 2011, he had a sexual relationship with Mr. Villarreal who was his teacher at the time. (D.E. 56-3, Pages 3-4).[1] He further testified he socialized with Mr. Villarreal openly after school hours but he and Mr. Villarreal took efforts to keep their romantic relationship secret. (D.E. 56-3, Pages 4-6). However, once Mr. Cuellar graduated, they no longer concealed their relationship. (D.E. 56-3, Page 6).

Dr. Kent was also presented with excerpts and summaries of school board members Brandon Greenwood (D.E. 56-6, deposition), Lynn Yaklin (D.E. 61-4, deposition), and Melissa Windham (D.E. 56-8, deposition). These school board members were involved in the decision to rehire Mr. Villarreal as a teacher at KISD. In connection with that hiring decision, Mr. Greenwood testified he was aware of rumors that Mr. Villarreal had a relationship with a student and "had heard that there was a possibility of a sexual inappropriate relationship." (D.E. 56-6, Page 5).

---

[1] The undersigned has elected to cite to the deposition transcripts of the fact witnesses in this case rather than the summaries presented to Dr. Kent to ensure there is no confusion in regard to the facts before the Court.

Ms. Yaklin testified that after Mr. Cuellar graduated from high school, he and Mr. Villarreal "were visible on social media as a couple." (D.E. 61-4, Page 8).[2] Ms. Yaklin also testified she was aware of Mr. Villarreal socializing with students on occasions where alcoholic beverages were consumed (D.E. 61-4, Page 4) and of one instance when Mr. Villarreal, while a KISD teacher, put a condom on a banana during a high school theater arts class. (D.E. 61-4, Page 6).

Ms. Windham testified that during the 2001-2012 time period she had heard of a student graduating early to pursue a relationship with a KISD teacher. (D.E. 56-8, Page 5). She testified, "There was a rumor that was the case. I do not know if there was any validity to it, but that is what some of the students were saying." (D.E. 56-8, Page 5). She further testified to seeing social media posts validating the relationship but those posts were published after the student had graduated. (D.E. 56-8, Page 5). Ms. Windham also recalls being concerned about the social media post and discussing her concerns with the KISD superintendent at the time it was posted. (D.E. 56-8, Page 7).

Dr. Kent testified that teachers socializing with students is inappropriate. (D.E. 69-1, deposition pages 23, 32, 36 ). She further testified it is inappropriate for a teacher to be sexually involved with a recent high school graduate (D.E. 69-1, deposition page 29) because such conduct is an indication of poor judgment and is also an indicator of an earlier sexual relationship prior to graduation. (D.E. 69-1, deposition pages 31-32). Dr. Kent

---

[2] Ms. Yaklin testified during her deposition that she did not hear of the inappropriate relationship between Mr. Villarreal and Mr. Cuellar while Mr. Cuellar was still a student. (D.E. 61-4, Page 9).

testified that under these circumstances, there should have been a thorough investigation and Mr. Villarreal should not have been hired unless the allegations were determined to be false. (D.E. 69-1, deposition pages 33, 38, 41-43, 49). Dr. Kent testified considering what KISD officials knew at the time, Mr. Villarreal should not have been considered for employment. (D.E. 69-1, deposition pages 32, 40). Dr. Kent further testified that when a teacher is involved in a romantic relationship with a recent graduate, this is an indicator the teacher presents a risk of substantial harm to a student. (D.E. 69-1, deposition page 62). She further opined that when a teacher attends parties and socializes with students after hours and demonstrates the use of a condom in a theater arts class, these are also indications the teacher presents a risk of substantial harm to students. (D.E. 69-1, deposition pages 63, 64). Further, Dr. Kent testified that KISD hiring Mr. Villarreal under these circumstances subjected the students of KISD to the risk of substantial harm. (D.E. 69-1, deposition pages 65-66).

## V.  LAW AND ANALYSIS

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a

whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

Plaintiff asserts KISD is liable for the grooming behavior and sexual harassment/abuse of Villarreal under: (1) Title IX of the Education Amendments of 1972 and (2) a violation of 14th Amendment due process under 42 U.S.C. § 1983.

To recover damages from a school district for a teacher's sexual harassment and/or abuse of a student under Title IX, a plaintiff must allege and prove that "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the abuse and (3) responded with deliberate indifference." *Doe v. Katy Indep. Sch. Dist.*, 427 F.Supp.3d 870, 878 (S.D. Tex. 2019) (citation omitted); *Doe*, 964 F.3d at 358-59.

A plaintiff seeking § 1983 relief must show: (1) a violation of the United States Constitution or a federal law; (2) and that the violation was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

While Plaintiff's two claims and theories of liability are different, each requires a plaintiff to show that the school district or its top officials exhibited 'deliberate indifference.'" *Ramos v. Cremar*, No. 5:15-CV-055, 2017 WL 4512563, at *4 (S.D. Tex. May 12, 2017), *aff'd Ramos v. Webb Consol. Indep. Sch. Dist.*, 724 F. App'x 338 (5th Cir. 2018) (citing *Davis ex rel. Lashonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 642-43 (1999). Under both claims, Plaintiff must show KISD "actually knew that there was a substantial risk that sexual abuse would occur,'" not just that "the school district should

have known there was a substantial risk of abuse." *M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x 773, 775 (5th Cir. 2020).

Standing alone, an expert's opinion is generally not enough to establish deliberate indifference. *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998); *see also Stokes v. Bullins*, 844 F.2d 269, 275 (5th Cir. 1988) ("[A]n expert's opinion should not alone be sufficient to establish constitutional 'fault' by a municipality in a case of alleged omissions, where no facts support the inference that the town's motives were contrary to constitutional standards.") In considering the Defendant's Motion For Summary Judgment, the undersigned did not consider Dr. Kent's testimony in isolation. The undersigned considered Dr. Kent's testimony in combination with the entire summary judgment record. The cases above are cited for the proposition that the testimony of Plaintiff's expert, standing alone, does not create a fact issue requiring the denial of Defendant's Motion for Summary Judgment.

Dr. Kent's testimony does not add any new facts[3] to the summary judgment record before the Court. She provides an opinion that based on the deposition testimony reviewed during her own deposition, as described above, it was not appropriate to hire Mr. Villarreal and that "the hiring of Mr. Villarreal subjected the students of Kingsville ISD to the risk of substantial harm." (D.E. 69-1, Page 18, deposition page 65). Her testimony amounts to

---

[3] The undersigned does not recall having considered the incident regarding Mr. Villarreal placing a condom on a banana during a theater arts class as part of the original summary judgment record. However, this addition to the summary judgment record does not change the undersigned's analysis or conclusions.

9 / 13

her opinion that KISD "should have known of a substantial risk of harm, which amounts to nothing more than objective deliberate indifference." *See Rogge v. City of Richmond*, Tex., 995 F. Supp. 2d 657, 673 (S.D. Tex. 2014) (granting a defendant's motion for summary judgment in a 1983 action and finding testimony of Plaintiff's expert did not create a fact issue).

*J.T. v. Uplift Ed.*, No. 3:20-CV-343-D, 2023 WL 4207462 (N.D. Tex. June 27, 2023) is a recent case that is instructive in understanding the Plaintiff's burden in this type of case. In *J.T. v. Uplift Ed.*, the school district received a complaint that a teacher had kissed and tickled a kindergarten student. The district immediately placed the teacher on administrative leave and began an investigation. The teacher was fired. The school district later received a similar complaint from one of the teacher's former students. The teacher was subsequently convicted of aggravated sexual assault of a child in a case involving a different victim and sentenced to seven years confinement. *Id.* pp. 2-3. The investigation determined the teacher habitually darkened his classrooms, created a "privacy folder wall," and frequently showed movies to create a secluded environment where he could molest children. *Id.* p. 5. School administrators admitted they did frequent check-ins and would have been aware of these suspicious circumstances. Senior United States District Judge Sidney A. Fitzwater granted the defendant's summary judgment motion as to both Plaintiff's Title IX and § 1983 claims. Judge Fitzwater acknowledged there may have been red flags that should have alerted the district to a substantial risk to students but found the

law requires the district actually knew of the risk, not just that it should have known. *Id.* p. 6 (citing *M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x 773, 776 (5th Cir. 2020)).

The summary judgment evidence establishes KISD did not have actual knowledge that Villareal had sexually harassed, abused, or groomed Plaintiff or had otherwise done anything improper to him. The record also establishes KISD did not actually know there was a substantial risk that Villarreal would sexually abuse, harass, or groom Plaintiff or any KISD student. Plaintiff does not allege KISD had actual knowledge. Instead, Plaintiff argues KISD should have known of Villarreal's misconduct. The undersigned agrees there were red flags about Villarreal and KISD's decision to hire Villarreal was a poor one. A teacher having a romantic relationship with a former student and recent high school graduate is certainly a red flag especially when the teacher is known to have socialized with high school students. However, there is no competent evidence that anyone at KISD knew Villarreal had been romantically involved with a student, as opposed to a former student.

The clarity of hindsight with a knowledge of all the facts known today is not the standard to which KISD is held for purposes of this motion for summary judgment. While acknowledging KISD's decision making in this instance was far from perfect, Plaintiff's characterization that KISD conducted no investigation is not supported by the summary judgment record. Prior to hiring Villarreal the second time, KISD investigated his teaching and legal history, checked with its human resources department and legal department and also contacted Villarreal's references, finding no evidence of wrongdoing. (D.E. 61-6,

Pages 8-9). When Plaintiff and his mother made the allegations against Villarreal, KISD immediately placed Villarreal on administrative leave, law enforcement authorities were notified, and Villarreal then subsequently resigned. (D.E. 61-6, Pages 13-14). The undisputed summary judgment evidence establishes KISD is not liable to Plaintiff.

## VI.   CONCLUSION

Having considered the testimony of Dr. Kent and the briefing and arguments of counsel, the undersigned continues to recommend that Kingsville Independent School District's ("KISD") Motion for Summary Judgment (D.E. 46) be **GRANTED** and its Motion to Strike (D.E. 62) be **DENIED**. Additionally, the undersigned continues to recommend that Plaintiff's Motion for Summary Judgment (D.E. 49) be **DENIED**.

ORDERED on August 11, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).