United States District Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT M. LOERA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00031 |
| KINGSVILLE INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants. | § | |

### ORDER ON MEMORANDUM AND RECOMMENDATION AND SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' cross-motions for full or partial summary judgment (D.E. 46, 49). On February 2, 2023, United States Magistrate Judge Jason B. Libby issued his original Memorandum and Recommendation (M&R, D.E. 64), recommending that Defendant Kingsville Independent School District's (KISD's) motion be granted, Plaintiff Robert M. Loera's (Loera's) motion be denied, and this case be dismissed in its entirety. In his timely-filed objections (D.E. 69), Loera included a motion to supplement the summary judgment record, which this Court granted. This Court then recommitted the matter to Magistrate Judge Libby for reconsideration under the expanded record. D.E. 71.

On August 11, 2023, Magistrate Judge Libby issued his Supplemental Memorandum and Recommendation (SM&R, D.E. 78), again recommending that KISD's

motion be granted and Loera's motion be denied. Plaintiff timely filed his objections (D.E. 83) to the SM&R on September 5, 2023, with respect to the recommended granting of KISD's motion. KISD responded to those objections. D.E. 84. There are no objections regarding the recommended denial of Loera's motion for partial summary judgment.

For the reasons set out below, the Court **ADOPTS IN PART** and **REJECTS IN PART** the M&R and SM&R and sets out the following analysis, by which the Court finds that there are disputed issues of material fact regarding both the Title IX and § 1983 claims with the exception of the claim for failure to train and supervise and the claims for certain damages. The Court DENIES Loera's motion for partial summary judgment (D.E. 49) and **GRANTS IN PART** and **DENIES IN PART** KISD's motion for summary judgment (D.E. 46).

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). As to any portion for which no objection is filed, a district court reviews for clearly

erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A.   Title IX

Loera has alleged claims under 20 U.S.C. § 1681, et seq. (Title IX) for a sex-based hostile educational environment. The Title IX claim is governed by a standard that requires that Defendant KISD, as the party with undisputed supervisory authority over its teachers, (1) had actual notice of the risk of abuse and (2) responded with deliberate indifference. D.E. 64, p. 15. The M&R recommends that the Court grant Defendant KISD's motion for summary judgment on this claim because there is insufficient evidence to raise a disputed issue of material fact on both the actual notice and deliberate indifference issues due to the high bar the law sets for each. Loera objects to the recommendation, reciting evidence supporting findings in his favor on each of the elements.

#### 1.  Actual Notice

Loera does not object to the Magistrate Judge's recitation of the standard for a finding of actual notice. He argues only that he supplied sufficient evidence to meet that standard. As the M&R correctly observes, "Actual notice requires the plaintiff to establish that the school district knew of the 'precise instance of abuse giving rise to the case at hand, ***or [had] actual knowledge of substantial risk that such abuse would occur***.'" D.E. 64, p. 16 (citing *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 879 (S.D. Tex. 2019) (citation omitted; emphasis added). In more detail, that court stated:

> To raise a factual dispute as to actual knowledge, a plaintiff "need not show that the district knew that a particular teacher would abuse a particular student." [*Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997)]. It is enough that "the school district failed to act even though it knew that [the teacher] ***posed a substantial risk of harassing students in general***." *Id*. A school district may not be found liable if it shows that it (1) "did not know of the underlying facts indicating a sufficiently substantial danger and that [it was] therefore unaware of a danger," or (2) "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*.

*Doe*, 427 F. Supp. 3d at 879 (emphasis added).

Evidence on which Loera relies to show that teacher Gabriel Villarreal posed a substantial danger to students includes KISD board members, at the time they exercised their responsibility for rehiring Villarreal in 2015, acknowledging that they were aware of rumors regarding Villarreal's sexual relationship with a student while that student was enrolled. The rumors were reinforced by social media posts immediately after the student graduated, depicting Villarreal and his former student, Cuellar, in a sexual relationship.

This evidence was supplemented by other evidence depicting Villarreal's lack of appropriate boundaries, such as spending time with students around alcohol and demonstrating the use of a condom on a banana in a drama class. While KISD complains that these issues were only rumors, there is evidence that board members had seen the social media posts. D.E. 49-4, pp. 7, 9-10; D.E. 46-15, pp. 4-6; D.E. 49-5, p. 8. Furthermore, it is undisputed that KISD had previously received an unspecified complaint against Villarreal and that KISD had already counseled Villarreal regarding his unprofessional boundaries. D.E. 61-2; D.E. 61-3. Dr. Kent testified that this evidence is

treated by professional educators as notice that the teacher poses a danger to students and that corrective action is necessary. D.E. 69-1, p. 17.

There is some evidence that KISD board members expressed their concerns over Villarreal's conduct, including the social media posts, at a school board meeting and questioned whether they should rehire Villarreal under the circumstances, with two voting against his employment by the district. D.E. 53-6, p. 9; D.E. 61-2; D.E. 61-3. This is some evidence that KISD had actual notice of a substantial risk of harm to future students.

As set out above, while the evidentiary standard of notice is high, the board members did not have to have actual notice that Villarreal sexually abused the prior student, Cuellar, during his enrollment. It is on that issue that the Court disagrees with the M&R's analysis. *See* D.E. 64, pp. 19-20 (stating "There is no competent evidence that anyone at Kingsville ISD **knew for certain** Villarreal and Cuellar had a relationship **while Cuellar was a student**" and referring to a need for firsthand knowledge or formal allegations related to the prior incident) (emphasis added)).

This is not a case where questionable rumors circulated among those without supervisory authority. Here, it is enough that Villarreal's overall conduct and the post-graduation social media posts (occurring after Villarreal had already been cautioned about his conduct) support an inference of danger to students and that some KISD board members drew that inference. "Actual knowledge is established where an 'appropriate person' knew of facts giving rise to inference that substantial risk of harm existed and drew that inference." *Doe v. Dall. Indep. Sch. Dist.*, 534 F. Supp. 3d 682, 688 (N.D. Tex. 2021); *see*

*also*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (discussing deliberate indifference under the Eighth Amendment); *Rosa H.*, 106 F.3d at 658 (applying the standard to Title IX).

In support of its summary judgment motion, KISD has not conclusively shown either ignorance of the facts that indicate a substantial danger or that board members actually believed that the risk was insubstantial or nonexistent. Rather, there is some testimony that they acknowledged the known facts and their inferences and openly expressed concerns. At the same time, there is some evidence from Superintendent, Dr. Carol Perez, that these concerns were never raised at any KISD board meetings and therefore could not have served as a basis for notice or for any act or omission. For that reason, there is a disputed issue of material fact on actual notice that precludes summary judgment for either party to this case. The Court **SUSTAINS** Loera's objection to the M&R's recommendation that the Court find that Loera failed to submit sufficient evidence of actual notice to preclude summary judgment in KISD's favor.

### 2. Deliberate Indifference

Loera does not dispute the standard recited in the M&R for deliberate indifference. His argument is that he has produced sufficient evidence to satisfy the standard. According to the M&R, deliberate indifference must be more than negligence. A school district avoids liability if it responded reasonably to a risk of harm, even if the effort is unsuccessful. D.E. 64, pp. 16-17. Whether a response is reasonable depends on the facts of the case. *Id.*, p. 24 (citing *Doe*, 427 F. Supp. 3d at 879).

Loera argues that KISD's investigation prior to rehiring Villarreal was clearly unreasonable because it failed to include any effort to confirm or repudiate the inference from known facts of Villarreal having had an improper sexual relationship with Cuellar while Cuellar was Villarreal's student. The Magistrate Judge found that it was sufficiently reasonable that Dr. Perez conducted an investigation into Villarreal's reason for leaving KISD in 2011 and his references for work after leaving and prior to his rehiring. According to the M&R and SM&R, any failure of Dr. Perez to investigate Villarreal's relationship with Cuellar was, at best, negligent and KISD is entitled to summary judgment because Loera's evidence cannot reach the high bar set for deliberate indifference.

However, Loera is not just arguing that Dr. Perez made a negligent choice in how to conduct the investigation or suffered from an unfortunate oversight. He is arguing that Dr. Perez was on notice of a substantial risk of danger to which she turned a blind eye. "Deliberate indifference includes an official decision by the [Title IX] recipient not to remedy the violation." *Gebser v. Lago Vista Indep. Sch. Dist*., 524 U.S. 274, 290 (1998). That is when it is obvious that the likely consequences of inaction will be a deprivation of rights that Title IX seeks to protect. *See Doe*, 153 F.3d at 217. This comports with the treatment of the standard more broadly, where refusal to engage, ignoring the problem after notice, or intentionally mishandling the problem shows sufficient intent or wanton disregard to support liability under a deliberate indifference standard. *See generally*, *Domino v. Tex. Dep't of Crim. Just*., 239 F.3d 752, 756 (5th Cir. 2001) (addressing deliberate indifference to serious medical needs).

KISD has not offered any evidence that would show that omitting any inquiry into the Villarreal-Cuellar relationship was reasonable under the circumstances, other than Dr. Perez's testimony that she was not aware of the issue and that it had not been brought up at any school board meeting. Because there is evidence controverting her testimony in that regard, it is a question for the jury to determine whether Dr. Perez was on notice of the problem and the school board members' concerns and whether, given that notice, her investigation failing to pursue that issue was clearly unreasonable as a deliberate act in wanton disregard of a serious danger to future students.

There is a disputed issue of material fact on deliberate indifference that precludes summary judgment in favor of KISD on this issue. The Court SUSTAINS Loera's objection to the M&R's recommended finding on deliberate indifference.

### 3. Damages

KISD also originally sought summary judgment that punitive damages are not available under Title IX, citing *Barnes v. Gorman*, 536 U.S. 181, 187 (2002). D.E. 46, pp. 18-19. Loera did not respond to that argument. *See* D.E. 56. For the first time in its reply (D.E. 57), KISD expanded its argument to challenge Loera's claim to compensatory damages for an emotional injury under Title IX, citing *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). The Magistrate Judge did not reach this issue due to his conclusions and recommendations regarding liability. D.E. 64, p. 29. Because the Court does not grant KISD's motion on liability grounds, it now addresses the challenge to damages.

*Barnes* and *Cummings* draw upon the same reasoning to state that the only remedies available for claims prosecuted as implied-right-of-action cases arising from federal spending clause legislation are those traditionally available in ordinary contract actions. It is beyond dispute that Title IX is such spending clause legislation. And the Supreme Court has made it clear in *Barnes* and *Cummings* that neither punitive damages nor damages for emotional injuries are available in such cases. That is because recipients of federal funds are entitled to rely on exposure to liability only for damages that fall under general and traditional contract rules—not special cases, exceptions, or state law variances.

Loera succinctly states four arguments in his supplemental response to KISD's motion with respect to damages, none of which challenge *Barnes* and its elimination of punitive damages. D.E. 61. Loera's first objection to the use of *Cummings* to eliminate emotional injury damages is that a summary judgment movant is precluded from asserting new grounds in a reply. However, such grounds may be considered if, as the Magistrate Judge did here, the court grants the parties the opportunity to brief the issue fully. *See* D.E. 59; *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). The objection is overruled.

Similarly, the Court rejects Loera's second argument, which he makes without benefit of authority. That argument is that the Court should not consider the *Cummings* challenge because the Supreme Court issued the opinion prior to KISD's motion, which means that KISD made an intentional decision to waive the argument. Even so, any such intentional waiver was procedurally withdrawn prior to decision and the more substantive argument of prejudice is nullified by the opportunity, which Loera sought and was granted,

to file additional briefing. *See Vais*. Even if not addressed on summary judgment, the issue would remain and there is nothing to be gained by delaying consideration of this issue until trial. The Court overrules the second objection.

The Court rejects Loera's third argument that *Barnes* and *Cummings* do not apply to Title IX. Title IX is clearly a spending clause statute like Title VI, Title VII, the Americans with Disabilities Act, and the Rehabilitation Act. And *Cummings* makes multiple references to Title IX when explaining the substantive analysis. The case Loera cites, *Doe v. Purdue Univ.*, No. 4-18-CV-89-JEM, 2022 U.S. Dist. LEXIS 128601, at *10-11 (N.D. Ind. July 20, 2022), states only that *Cummings*, itself, was not a Title IX case. Neither Loera nor the *Purdue University* court offers any reasoned argument for making an exception to the spending clause statutory analysis for Title IX cases. And *Purdue University* was merely an order on a motion in limine, refusing to issue a blanket pretrial exclusion of all evidence of emotional distress or harm. The Court overrules the third objection.

Loera's fourth argument is that *Cummings* does not preclude damages for emotional harm under his § 1983 claim. The Court agrees and sustains that objection and notes that KISD's challenge to punitive damages under § 1983 is based on a different line of cases. D.E. 46, p. 19. And its reply, in which it invoked *Cummings*, addresses only the damages claimed under the Title IX claim. D.E. 57, p. 1. The Court concludes that KISD is entitled to summary judgment against Loera on his claims for damages for emotional distress and

punitive damages under Title IX. The challenge to damages under § 1983 will be addressed separately.

### 4. Title IX Conclusion

The Court **DENIES** Loera's motion for partial summary judgment (D.E. 49) on the issue of actual notice. KISD's motion for summary judgment (D.E. 46) is **GRANTED IN PART** and the Court **DISMISSES** Loera's claim for Title IX damages for emotional injury and punitive damages. The KISD motion (D.E. 46) is **DENIED IN PART** on the issues of actual notice and deliberate indifference as they apply to the Title IX claim. The parties may address the Court further regarding whether, as KISD suggested, Loera does not seek any category of damages that would support going forward with the Title IX claim. This matter is not clear after a review of the entire summary judgment record, including the supplementary evidence of actual bodily contact.

### B. Section 1983

Loera has alleged a 42 U.S.C. § 1983 claim for KISD's violation under color of law of his Fourteenth Amendment right to bodily integrity. Because a § 1983 claim cannot be made against an employer under principles of respondeat superior, Loera must show that KISD, as a municipal defendant, had a policymaker with an official policy, custom, or practice that was unconstitutional or adopted with deliberate indifference and was the moving force behind a deprivation of Loera's constitutional rights. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Loera argues that he has supported his claim with sufficient evidence on each of the elements.

Loera also pled a claim for failure to train or supervise Villarreal. KISD challenged the claim for the failure to train or supervise and Loera did not respond to that challenge. Consequently, the M&R treats this claim as waived and recommends its dismissal. D.E. 64, p. 26 n.12. Loera did not object to this disposition. D.E. 83. Consequently, the Court **ADOPTS** the M&R's analysis and **DISMISSES** Loera's claim against KISD for failure to train or supervise Villarreal.

With respect to the remaining § 1983 claim, KISD's motion raised four challenges. Loera's initial summary judgment response did not address any of the § 1983 issues. D.E. 56. However, he sought and obtained leave to file a supplemental response, including additional summary judgment evidence. D.E. 59. His resulting response addressed three of the four challenges. D.E. 61. The Court addresses each challenge in turn, including the M&R's recommended disposition, and Loera's objections.

**Physical Contact**. First, KISD claims Loera has not demonstrated that Villarreal made physical contact with him in order to qualify for a claim for violation of bodily integrity. Loera's supplemental evidence and response provided that evidence. *See* D.E. 61, 61-1. The M&R acknowledged this additional information, but did not make an express ruling on KISD's complaint and KISD did not object to the lack of ruling. D.E. 64, p. 26 n.11. The Court treats the challenge as adequately addressed by Loera's supplemental evidence and thus **DENIES IN PART** KISD's motion to dismiss the § 1983 claim on this basis.

**Color of Law**.  Second, KISD complains that Loera has not demonstrated that Villarreal acted under color of state law because he did not exercise any power as a teacher in seeking out Loera's participation in sex acts.  The M&R discusses the evidence and finds the argument to be without merit, impliedly recommending denial of the motion on this basis.  D.E. 64, p. 29 n.13.  KISD did not object to this disposition and the Court **ADOPTS** the Magistrate Judge's reasoning and **DENIES IN PART** KISD's motion to dismiss the § 1983 claim on this basis.

**Policy as Moving Force**.  Third, KISD argues that Loera has not identified a policy that was a moving force behind any constitutional violation.  Instead, it argues, the evidence conclusively shows that no policy could be the moving force behind a constitutional violation because KISD had a written policy against sexual harassment of students, which Villarreal was required to be aware of and follow.  D.E. 46, pp. 15-16.  The M&R does not address KISD's claim that its written policy could negate Loera's claim as a matter of law and KISD offered no authority for such a proposition.

Instead, the M&R references its analysis of the evidence offered with respect to the Title IX allegations and concludes that the evidence is also insufficient to support a § 1983 claim.  D.E. 64, pp. 26-29.  It further finds the number of instances of sexual harassment insufficient to establish a widespread and persistent custom or practice of allowing a sexually harassing educational environment.  *Id*., pp. 27-28.  As set out above, the Court disagrees with that analysis.  The notice provided by the Cuellar incident, the expressed concerns of KISD board members, and Superintendent Perez's failure to take action to

address that concern is sufficient evidence of an errant policy to raise a disputed issue of material fact. The Court **SUSTAINS** Loera's objection to the conclusion—as a matter of law—that Dr. Perez's investigation was a reasonable response to the actual notice of the danger Villarreal posed, sufficient to defeat his § 1983 claim.

While Villarreal's own vague history of complaints with indeterminate results may not be enough to establish a widespread custom or practice permitting sexual harassment, Loera has shown some evidence, albeit disputed, that KISD made a specific decision to rehire Villarreal despite sufficient actual notice of the danger he posed and through deliberate indifference to that danger. Loera can prosecute a § 1983 claim based on a policy *or* a custom or practice that rises to the level of a policy. *Monell*, 436 U.S. at 694.

A "policy" includes a "decision officially adopted and promulgated by that body's officers." *Id*. at 690. Loera need not establish a widespread custom or practice tantamount to a policy when he can show a single specific affirmative KISD decision, which is itself a policy—to rehire Villarreal despite knowledge of the risk—which was also the moving force behind the constitutional violation by placing that teacher in a position to, predictably, sexually harass Loera in violation of his right to bodily integrity. The Court **DENIES IN PART** KISD's motion for summary judgment challenging the existence of a policy to support the § 1983 claim.

**Punitive Damages**. Fourth, KISD asserts that, as a municipal defendant, it is immune from the assessment of punitive damages. D.E. 46, p. 19. Loera did not respond to this argument in his original or supplemental summary judgment responses. D.E. 56,

61. The Magistrate Judge did not address the argument because of his conclusions regarding liability. D.E. 64, p. 29. The Court finds that KISD is correct on this argument. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Hoskins v. Kaufman Indep. Sch. Dist.*, No. CIV.A.3:03CV0130-D, 2003 WL 21517830, at *9 (N.D. Tex. June 30, 2003) (applying the *Newport* holding in favor of a school district). The Court **GRANTS IN PART** KISD's motion and **DISMISSES** Loera's claim for punitive damages under its § 1983 claim.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R and SM&R, as well as Loera's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R and SM&R to which objections were specifically directed, the Court has ruled on the objections and has adopted or rejected the conclusions of the Magistrate Judge as set out above. Accordingly,

- Plaintiff Loera's motion for partial summary judgment on actual notice (D.E. 49) is **DENIED**;

- Defendant KISD's motion for summary judgment (D.E. 46) is **GRANTED IN PART** and the claims for failure to train and supervise are **DISMISSED**;

- Defendant KISD's motion for summary judgment (D.E. 46) is **GRANTED IN PART** with respect to the claims for punitive damages

under both Title IX and § 1983 and those damage claims are **DISMISSED**.

- Defendant KISD's motion for summary judgment (D.E. 46) is also **GRANTED IN PART** with respect to claims for emotional injury damages under Title IX, only, and that damage claim is **DISMISSED**.

- Defendant KISD's motion for summary judgment (D.E. 46) is otherwise **DENIED IN PART** and the Court **RETAINS** both the Title IX and § 1983 claims to the extent that Loera has remaining damages that qualify for recovery under those statutes.

**ORDERED** on September 19, 2023.

NELVA GONZALES RAMOS  
UNITED STATES DISTRICT JUDGE